UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAWRENCE H. STONE,

        Plaintiff,

vs.	Case No. 2:05-cv-209-FtM-29SPC

CITY OF EVERGLADES CITY, FLORIDA;
SAMMY HAMILTON, JR.,

        Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant City of Everglades City, Florida's Motion to Dismiss Count I of Amended Complaint With Prejudice (Doc. #35), filed on August 11, 2005. Defendant City of Everglades City, Florida filed a Memorandum of Law in Support (Doc. #36) incorporating arguments set forth in defendant Sammy Hamilton, Jr.'s earlier filed Memorandum of Law in Support (Doc. #8). Plaintiff filed a Memorandum of Law in Opposition (Doc. #41) on August 22, 2005. Also before the Court is defendant Sammy Hamilton, Jr.'s Dispositive Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. #42), filed on August 31, 2005, and Memorandum of Law in Support (Doc. #44), filed on September 1, 2005. Plaintiff filed a Memorandum of Law in Opposition (Doc. #45) on September 12, 2005.

I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993). The heightened pleading standard is not otherwise applicable. Dismissal is warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is

a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County, Ga.</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. <u>Marsh</u>, 268 F.3d at 1036 n. 16.

**II.**

The Amended Complaint (Doc. #33) asserts a claim of retaliation under 42 U.S.C. § 1983 for plaintiff's exercise of his First Amendment right to free speech (Count I) and for violation of Florida's Whistleblower's Act under Fla. Stat. § 112.3187(3)(b) (Count II). From 1996 to 2005, plaintiff was a water and wastewater treatment plant operator for Everglades City, Florida. Plaintiff reported a series of alleged safety and environmental issues regarding the plant to defendants by status report or letter dated July 13, 2004, August 26, 2004, October 14, 2004, and October 21, 2004. Plaintiff made the reports to defendant Mayor Sammy Hamilton, Jr., (Mayor Hamilton), city council members, "and other municipal officials." On or about January 31, 2005, plaintiff reported a "crisis situation" at the plant and warned of a "series of safety and environmentally dangerous problems."

Plaintiff alleges that Mayor Hamilton "created an atmosphere of intimidation and hostility" when plaintiff attempted to report the alleged safety and environmental violations or potential violations to government agencies. Plaintiff alleges he was

terminated by Mayor Hamilton as a result of the reports and criticism, was further forbidden to approach the plant, and placed on notice that criminal trespass charges could be brought. Plaintiff alleges that he was terminated pursuant to a custom or policy of the City of Everglades City, Florida (the City) in an effort to chill his free speech, and that Mayor Hamilton terminated plaintiff pursuant to his policy-making authority on behalf of the City.  Plaintiff states that he was not provided a meaningful administrative review and that the termination was for the purpose of harassing plaintiff and causing emotional distress.  Plaintiff further states that he was terminated pursuant to the policy or custom in retaliation for exercising his free speech under the First Amendment of the United States Constitution and that he has suffered damages as a direct and proximate cause as a result.

### III.

Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under § 1983, plaintiff must allege and prove that (1) defendants deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and prove an affirmative causal

connection between the defendants' conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995).

The Amended Complaint is deficient as to Everglades City. Under § 1983, governmental entities may only be held liable for the execution of a governmental policy or custom. Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003)(citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)). Plaintiff must identify the municipal policy or custom which caused his injury, Davis v. DeKalb County School Dist., 233 F.3d 1367, 1375 (11th Cir. 2000), cert. denied, 532 U.S. 1066 (2001), and must allege that the policy or custom was the moving force of the constitutional violation. Cuesta v. School Bd. of Miami-Dade County, Fla., 285 F.3d 962, 967 (11th Cir. 2002). See also Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997); Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998); McDowell v. Brown, 392 F.3d 1283, 1292 (11th Cir. 2004). While the Amended Complaint alleges that plaintiff's termination was "pursuant to a custom or policy" of the City (Doc. #33, ¶ 5), and that he was "discharged pursuant to said custom or policy by defendants in an effort to chill the free speech of plaintiff" (Doc. #33, ¶ 6), it nowhere identifies what that custom or policy was. Stating the effect of the policy does not comply with plaintiff's obligation to identify the policy or custom which was the moving force of his termination. Additionally, it is

unclear from the Amended Complaint whether Mayor Hamilton, who was the decisionmaker in this case, had the final policymaking authority to terminate plaintiff's employment.  Only if Mayor Hamilton had such final policymaking authority may his actions subject the City to § 1983 liability.  <u>Matthews v. Columbia County</u>, 294 F.3d 1294, 1297 (11th Cir. 2002); <u>Holloman ex. Rel. Holloman v. Hartland</u>, 370 F.3d 1252, 1292 (11th Cir. 2004).  Thus, even if plaintiff is correct that letters attached to the Amended Complaint do not represent all the correspondence, and that the nature of the correspondence was unofficial and not in the course of any regular reporting duty (allegations which are not set forth in the Amended Complaint), Count I is not sufficient as to the City.

The Court will allow plaintiff an opportunity to file an amended complaint setting forth such allegations.  In light of this, the Court will deny defendant Hamilton's motion to dismiss as moot, since new allegations may be added which impact the issues raised by Mayor Hamilton individually.  If defendant elects not to file a new amended complaint, Mayor Hamilton may renew his motion to dismiss and the Court will address it based on the allegations in the current amended complaint.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Defendant City of Everglades City, Florida's Motion to Dismiss Count I of Amended Complaint With Prejudice (Doc. #35) is

**GRANTED IN PART AND DENIED IN PART.** Count I of the Amended Complaint is dismissed without prejudice as to the City of Everglades City, with leave to file a second amended complaint within twenty (20) days.

2.  Defendant Sammy Hamilton, Jr.'s Dispositive Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. #42) is **DENIED** as moot at this time.

**DONE AND ORDERED** at Fort Myers, Florida, this  14th  day of October, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record