```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

LAWRENCE H. STONE,

                  Plaintiff,

vs.                                 Case No.  2:05-cv-209-FtM-29SPC

CITY OF EVERGLADES CITY, FLORIDA;
SAMMY HAMILTON, JR.,

                  Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on defendant City of Everglades City's Motion for Summary Judgment (Doc. #128), filed on March 27, 2007; and plaintiff's Notice of Withdraw (Doc. #129) of Count I, filed on March 28, 2007. Plaintiff filed a Response in Opposition (Doc. #135) to defendant City of Everglades City's Motion for Summary Judgment on April 18, 2007.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions,

answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Hickson Corp. v. Northern Crossarm Co.</u>, 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. <u>Celotex Corp.</u>, 477 U.S. at 322; <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. <u>Shotz v. City of Plantation</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

The three-count Supplemental Complaint (Doc. #105) asserts the following claims: Count I as to both defendants under federal RICO; Count II as to both defendants for retaliation of plaintiff's exercise of his First Amendment right to free speech; and Count III as to the City of Everglades City under Florida's Whistle-blower's Act. On March 26, 2007, the Court entered an Opinion and Order (Doc. #127) dismissing Count I without prejudice, and granting

Mayor Sammy Hamilton, Jr.'s motion to dismiss as to Count II. Therefore, the only remaining claims as to the City of Everglades City (City) are Counts II and III. Plaintiff's withdrawal of Count I is so noted to the extent that it was dismissed without prejudice, and the Court will deem the claim voluntarily dismissed. Defendant City seeks summary judgment on both remaining counts based on the Court's finding in the March 26, 2007, Opinion and Order.

**A.  Retaliation**

The City argues that the Court's March 26, 2007 determination is dispositive as to the retaliation claim asserted against it. In that Opinion and Order, the Court found that "when plaintiff made the speech identified in the Supplemental Complaint, he was not exercising a clearly established First Amendment right." (Doc. #127, p. 17.) The reports[1] issued by plaintiff were found to have been "generated in the normal course of plaintiff's duties as Director of Utilities, and discussed subjects which were under plaintiff's job responsibility." (Id. at p. 16.) Upon review of plaintiff's summary judgment, the Court further found "that the speech did not involve matters of public concern, and therefore the motion for summary judgment will be denied." (Id. at p. 17.)

---

[1] The reports are fully described in the March 26, 2007, Opinion and Order and will not be repeated herein. (See Doc. #127, pp. 13-16.)

Applying the four-step Pickering[2] and Connick[3] test, the Court finds that the first prong[4] of the test cannot be met. Although plaintiff argues that Stone's official duties are undefined in the record, this does not assist plaintiff. Plaintiff fails to meet his burden with affidavits, depositions, or other extrinsic evidence to demonstrate that the reports were protected by the First Amendment. Taking all reasonable inferences in favor of plaintiff, based on the record presented the Court finds the following facts: electronic correspondence between plaintiff Stone and Mark Charneski, Environmental Specialist III for the Department of Environmental Protection, was sent by "Larry Stone, for Everglades City" (Doc. #58, pp. 9, 10, 16, 77, 80); status reports to the Mayor were signed by "Larry Stone, As Operator" (id. at pp. 31, 43, 104, 106, 110, 116-117); and other status reports were signed by "Larry Stone, Utilities Director" or "Larry Stone,

---

[2] Pickering v. Board of Educ., 391 U.S. 563, 568 (1968).

[3] Connick v. Myers, 461 U.S. 138 (1983).

[4] The first prong asks whether the employee's speech is fairly characterized as constituting speech as a citizen on a matter of public concern. The Eleventh Circuit Court of Appeals recently noted there are two instances where employee speech will fail to satisfy this threshold issue. First, "[w]hen a public employee speaks as an employee on matters of personal interest and not as a citizen upon matters of public concern, the First Amendment is not implicated"; and second, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Vila v. Padron, ___ F.3d ___, 2007 WL 1158227, *4, 2007 U.S. App. LEXIS 9115 (11th Cir. Apr. 20, 2007)(internal quotations and citations omitted).

Director of Utilities" (id. at pp. 34, 35, 107, 111, 114). The Memorandum to the Mayor (id. at pp. #95-96) stated that the Department of Environmental Protection would have to be notified because of the ongoing problem with storage of sludge and hinted at Stone's need for extra training in order to function in his job. The Affidavit (Doc. #55-2) of Lawrence Stone, previously submitted in support of plaintiff's motion for partial summary judgment, provides that Stone was employed as a "Certified Wastewater Operator" and as such was "required by law to disclose certain regulatory violations to the Department of Environmental Protection" or be subject to penalties for failure to do so. Although couched in terms of "independent of my employment" and "in the interest of the protection of the environment," it is clear that the disclosure requirements were directly tied to his certification and therefore employment related. Upon review, and finding no genuine, material fact at question, the Court agrees that the City is entitled to summary judgment on the retaliation claim because plaintiff's speech was not protected by the First Amendment.

**B. Florida Whistle-blower Act**

The City argues that summary judgment should also be granted on the whistle-blower claim because (1) the communications identified are not protected expression and were not made by plaintiff's own volition, and (2) the claim is precluded by

plaintiff's failure to obtain pre-suit notice under FLA. STAT. § 768.28(6)[5].

As to pre-suit notice, Section 768.28 addresses the state's waiver of sovereign immunity, "for itself and for its agencies or subdivisions," from liability for torts. FLA. STAT. § 768.28(1). This case does not present a tort action, but a statutory action similar to an action under the Florida Civil Rights Act. Therefore, § 768.28 does not apply to this case and no pre-suit notice is required. See also Dahl v. Eckerd Family Youth Alternatives, Inc., 843 So. 2d 956, 959 (Fla. 2d DCA 2003); Florida Dep't of Educ. v. Garrison, No. 1D06-2313, ___ So. 2d ___, 2007 WL 1146455 (Fla. 1st DCA 2007). Therefore, the motion will be denied as to the pre-notice requirement.

Under Florida's Whistle-blower's Act, agencies[6] are prevented from "taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare." FLA. STAT. § 112.3187(2). Agencies are further prevented from "taking retaliatory action against any person who discloses information to

---

[5]Under Section 768.28(6), "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency . . . ."

[6]An "Agency" is defined as any state, regional, county, local, or municipal government entity. FLA. STAT. § 112.3187(3)(a).

an appropriate agency alleging improper use of governmental office, gross waste of funds, or any other abuse or gross neglect of duty on the part of an agency, public officer, or employee." Id.  The Florida's Whistle-blower's Act is thus not limited to speech protected by the First Amendment.  The elements of a whistle-blower claim are distinct from the elements necessary to support a First Amendment protected speech claim.  Rice-Lamar v. City of Fort Lauderdale, 853 So. 2d 1125, 1132 (Fla. 4th DCA 2003)(Rice-Lamar II)(citing Rice-Lamar v. City of Fort Lauderdale, 54 F. Supp. 2d 1137 (S.D. Fla. 1998), aff'd, 232 F.3d 836 (11th Cir. 2000)(Rice-Lamar I)).

For a claim under Florida's Whistle-blower's Act, the Court applies the same standard as used for Title VII retaliation claims. Sierminski v. Transouth Fin. Corp., 216 F.3d 945 (11th Cir. 2000). To establish a prima facie claim plaintiff must demonstrate that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) that there is a casual connection between the two events.  Rice-Lamar II at 1132 (citations omitted).  Once established, the burden shifts to the employer to proffer a "legitimate, non-retaliatory reason for the adverse employment action." Id. at 1133.  Plaintiff bears the ultimate burden to prove that the reason proffered was a pretext for the conduct.  Id.  The Act is construed liberally and is remedial in nature.  Irven v. Dep't of Health & Rehabilitative Servs., 790 So. 2d 403, 406 (Fla. 2001).

It is undisputed that plaintiff was terminated and therefore suffered an adverse employment action. (See Doc. #1-8, Exh. G.) The remaining elements are disputed. As more fully described above, plaintiff did disclose possible violations to the Mayor and the appropriate governmental agency, in this case the Department of Environmental Protection (DEP).[7] Mark Charneski was blind-copied on electronic communications to the Mayor regarding status reports (Doc. #58, p. 41); a letter was sent to Keith Kleinmann in the DEP providing copies of past reports (id. at 75); and blind copies were sent to the DEP employees of a Memorandum to the Mayor asserting a "crisis situation" and the need to notify DEP (id. at 96). Therefore, plaintiff initiated several written reports that could be considered complaints.

The Court finds that defendant has failed to meet its summary judgment burden. Rather, a reasonable jury could find a casual connection between the written complaints and the adverse employment action. Defendant City's argument that the complaints were not made on plaintiff's initiative but in the normal course of his duties is, in the context of this count, a fact issue for the jury. The motion will be denied as to this Count.

---

[7]The disclosure must be made to "any agency or federal government entity having the authority to investigate, police, manage, or otherwise remedy the violation or act. . . ." FLA. STAT. § 112.3187(6). "However, for disclosures concerning a local governmental entity, including any. . . municipal entity. . . the information must be disclosed to a chief executive officer . . . or other appropriate local official." (Id.)

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant City of Everglades City's Motion for Summary Judgment (Doc. #128) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to Count II and judgment will be entered in favor of defendant City and defendant Sammy Hamilton, Jr. as to Count II at the conclusion of the case. The motion is denied as to Count III.

2. Pursuant to plaintiff's Notice of Withdraw (Doc. #129), Count I of the Supplemental Complaint is deemed dismissed without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of April, 2007.

 _____
 JOHN E. STEELE
 United States District Judge

Copies:
Counsel of record